## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

_____

| | | |
|---|---|---|
| Franklin Perry, Individually and on Behalf of | ) | |
| All Other Persons Similarly Situated, | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COLLECTIVE/CLASS ACTION** |
| v. | ) | **COMPLAINT** |
| | ) | |
| Clean Chemistry, Inc. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

_____  )

Plaintiff Franklin Perry ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, files this Collective and Class Action Complaint (the "Complaint") against Defendant Clean Chemistry, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Colorado Wage Claim Act, § 8-4-101, *et seq.* (the "Wage Claim Act) and the Colorado Minimum Wage Act, § 8-6-101, *et seq.* as implemented by the Colorado Minimum Wage Order, 7 Colo. Code Regs. § 1103 - 1, *et seq.* (the "Minimum Wage Act") (the Colorado statutes and regulations collectively referred to as "the Colorado wage and hour laws"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made upon information and belief as to the acts of others.

## <u>INTRODUCTION</u>

1.      This lawsuit seeks to recover unpaid wages and overtime compensation for Plaintiff and other similarly situated co-workers who work or have worked for Defendant Clean Chemistry, Inc.

2.      Plaintiff alleges, on behalf of himself and other current and former employees as well as those similarly situated current and former employees holding comparable positions but

different titles, including equipment Operators (collectively "Operators") employed by Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, (i) unpaid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*

3.     Plaintiff also brings this action on behalf of himself and all similarly situated current and former Operators who worked in Colorado pursuant to Fed. R. Civ. P. 23 to remedy violations of the Colorado wage and hour laws.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims as to form part of the same case or controversy.

5.     This Court has diversity jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332.

6.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

7.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant is headquartered in, and regularly conducts business in, this district a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

10.     Plaintiff Franklin Perry is a former employee of Clean Chemistry, Inc.

11.     At all relevant times, Plaintiff Franklin Perry was a citizen of Texas and a resident of Texas.

12.     During all relevant times, Plaintiff was employed by Defendant, including from approximately July 2018 until January 2019.

13.     Clean Chemistry, Inc. is a corporation with its principal place of business in Boulder, Colorado.

14.     At all times relevant herein, Clean Chemistry, Inc. has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

15.     Defendant employed Plaintiff and the Collective and Class Action Members as Operators.

16.     Defendant operated in Colorado and Texas during the relevant time period.

17.     Defendant maintains control, oversight, and discretion over the operations of worksites, including employment practices with respect to Plaintiff and the Collective Action Members.

18.     Plaintiff and the Collective Action Members' work as Operators was integrated into and performed in the normal course of Defendant's business.

19.     Plaintiff and other Operators were paid approximately $20 per hour.

20.     Plaintiff and other Operators would frequently punch in at the start of the day on the time clock in the yard and punch out at the time clock when they returned to the yard after their shift.

21.     After punching in at the yard, Plaintiff and other Operators would then drive in a company vehicle, including Chevy Silverado pickup trucks, to and from the pad.

22.     Plaintiff and other Operators either drove the Chevy Silverado pickup truck, loaded it with supplies that needed to be secured in the bed or the cab – such as napkins, lab materials, trash materials, and filter shock – or served as driver's helpers including by helping the Operator stay awake.

23.     Plaintiff and other Operators drove to and from the pad approximately 1 hour to 3 hours per day round trip six days per week and were not paid for this time.

24.     Rather, Plaintiff and other Operators were only paid for the 12 hour shifts that they were on the pad.

25.     Plaintiff had an information pass-over meeting for 30 minutes per day and was not paid for that.

26.     Thus, Plaintiff and other Operators would often work 16+ hour days, and the Defendant only paid them for 12 hours.

27.     Plaintiff initially worked a "10 on 4 off" and then a "14 on and 7 off" rotation.

28.     The number of shifts that Plaintiff and each individual Collective Action Member worked per week can be ascertained from Defendant's records.

29.     Consistent with Defendant's policy, pattern, and/or practice, Plaintiff and the Operators regularly worked in excess of 40 hours per workweek and/or 12 hours per day without

being paid wages for all hours worked and without being paid overtime wages, in violation of the FLSA and the Colorado wage and hour laws.

30.     During the entire time that Plaintiff was employed by Defendant, Plaintiff was not paid properly for his driving time as detailed herein.

31.     Defendant cannot dispute that it owed Plaintiff and Collective Action Members overtime compensation for all hours worked over 40 per workweek and/or 12 per day.

32.     Plaintiff complained about his pay issues to many of his superiors, but they did not remedy their failure to pay him for all hours worked.

33.     Some, or all of, the overtime compensation due to Plaintiff and the Collective Action Members remained unpaid for thirty days beyond the regularly scheduled payday.

34.     Plaintiff and all members of the Class and Collective Action performed the same primary job duties.

35.     Defendant is aware of the totality of work that Plaintiff and the Collective Action Members performed.

36.     This work did not require managerial responsibilities, or the exercise of meaningful decision-making on matters of significance that impacted the business and no interaction with the management of the home office.

37.     Throughout the Class and Collective Action periods, the primary job duties of Plaintiff and the Class and Collective Action Members did not include: hiring, firing, disciplining, or directing the work of other employees, nor exercising meaningful independent judgment and discretion.

38.     Defendant's failure to comply with the FLSA and the Colorado wage and hour laws has caused Plaintiff and the Collective Members to suffer lost wages and interest therein.

39.     Defendant is liable under the FLSA and Colorado wage and hour laws for, *inter alia*, failing to properly pay overtime wage to Plaintiff and similar employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members, as defined above.

41.     Plaintiff desire to pursue his FLSA claim on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

42.     Plaintiff and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's above described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated wages for all hour worked in a workweek or the legally mandated overtime premium for hours worked over 40 during a workweek.

43.     Resolution of this action requires inquiry into common facts, including, among other things, Defendant's common compensation, timekeeping, and payroll practices.

44.     Specifically, Defendant failed to pay the Collective Action Members the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. § 778.104, because it failed to pay Plaintiff and the Collective Action Members at a rate of 1.5 times its regular hourly rate for hours worked in excess of 40 hours per week.

45.     These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll record which Defendant was required to maintain pursuant to the FLSA, *see*, 29 U.S.C. § 211(c); 29 C.F.R. § 215.2 *et seq*.

46.     Conditional certification of this case as a collective matter pursuant to U.S.C. § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email, and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

47.     There are many similarly situated current and former Operators who have not been paid proper overtime waged in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

## COLORADO CLASS ACTION ALLEGATIONS

48.     Plaintiff, on behalf of himself and all the Class Members, re-alleges and incorporates by reference the preceding paragraphs.

49.     Plaintiff and all Members of the Colorado Class assert factually related claims, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

50.     Defendant violated the Colorado wage and hour laws because it failed to pay Plaintiff and the Colorado Class at a rate of 1.5 times their regular hourly rate for hours worked in excess of 40 hours per week and/or 12 per day.

51.     Although the precise number of the Colorado Class is unknown, Members are readily identifiable and can be located through Defendant's records.

52.     Questions of law and fact common to Plaintiff and the Colorado Class that will materially advance the litigation include, without limitation:

    a. Whether Defendant employed Plaintiff and the Colorado Class Members within the meaning of the Colorado wage and hour laws;

    b. What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

    c. Whether Defendant failed to pay Plaintiff and the Colorado Class Members for all the hours they worked;

    d. Whether Defendant failed to maintain records of the hours worked by Plaintiff and the Colorado Class Members;

    e. Whether Defendant failed to pay Plaintiff and the Colorado Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the Colorado wage and hour laws;

    f. Whether Defendant is liable for all damages claimed by Plaintiff and the Colorado Class, including, without limitation, compensatory damages, statutory penalties, interest, costs and disbursement, and attorneys' fees; and

    g. Whether Defendant should be enjoined from continuing to violate the Colorado wage and hour laws in the future.

53.    Plaintiff's claims are typical of the claims of the Members of the Colorado Class.

54.    Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

55.    Class certification of Plaintiff's Colorado wage and hour law claim is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class a whole. The Members of the Colorado Class are entitled to injunctive relief to end Defendant's common and uniform policy and practice of denying the Colorado Class the wage to which they are entitled.

56.    Class certification of Plaintiff's Colorado wage and hour law claim is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual Members of the Class, and because a

class action is superior to other available methods for the fair and efficient adjudication of this litigation.

57.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF
(FAIR LABOR STANDARD ACT)

58.     Plaintiff, on behalf of himself and all the Collective Action Members, re-alleges and incorporates by reference the preceding paragraphs.

59.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

61.     At all relevant times, Defendant had a policy and practice of willfully refusing to pay its Operators for all wages earned and the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

62.     As a result of Defendant's willful failure to compensate Plaintiff and the Collective Action Members for all wages earned and for wages earned at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

63.     Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64.     Due to Defendant's FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendant their unpaid wages for the legally required amount of

overtime compensation for all of the hours worked by them in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (COLORADO WAGE CLAIM ACT)

65.     Plaintiff, on behalf of himself and all the Colorado Class members, re-alleges and incorporates by reference the preceding paragraphs.

66.     At all relevant times, Plaintiff and the Colorado Class members were employed by Defendant within the meaning of the Wage Claim Act.

67.     At all relevant times, Defendant has employed, and continues to employ, "employees," including Plaintiff and the Colorado Class members, within the meaning of the Wage Claim Act.

68.     As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the Wage Claim Act, the FLSA and the Minimum Wage Act, thereby violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

69.     As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Colorado Class members in an amount sufficient to provide compensation for all overtime hours worked.  This demand for payment is continuing and is made on behalf of any current Clean Chemistry employees whose employment terminates at any time in the future.  Such payment can be made care of undersigned counsel at the listed address.

70.     Defendant's violations of the C Wage Claim Act have caused Plaintiff and the Colorado Class irreparable harm for which there is no adequate remedy at law.

71.     Due to Defendant's violations of the   Wage Claim Act, Plaintiff and the Colorado Class are entitled to recover from Defendant their unpaid wages, including for the legally required amount of overtime compensation for all hours worked by them in excess of forty in a workweek, statutory penalties, actual and all other damages permitted by Colorado law, including the employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the Wage Claim Act.

## THIRD CLAIM FOR RELIEF
### (COLORADO MINIMUM WAGE ACT)

72.     Plaintiff, on behalf of himself and all the Colorado Class members, re-alleges and incorporates by reference the preceding paragraphs.

73.     At all relevant times, Plaintiff and the Colorado Class members were employed by Defendant within the meaning of the Minimum Wage Act.

74.     At all relevant times, Defendant has employed, and continues to employ, "employees," including Plaintiff and the Colorado Class members, within the meaning of the Minimum Wage Act.

75.     As a result of the foregoing conduct, as alleged, Defendant has violated and continues to violate, the Minimum Wage Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

76.     Defendant's violations of the Minimum Wage Act have caused Plaintiff and the Colorado Class irreparable harm for which there is no adequate remedy at law.

77.     Due to Defendant's violations of the Minimum Wage Act, Plaintiff and the Colorado Class are entitled to recover from Defendant their unpaid wages, actual and all other damages permitted by Colorado law, including the employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the Minimum Wage Act.

## DEMAND FOR TRIAL BY JURY

78.     The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

79.     WHEREFORE, Plaintiff and the Collective and Class Action Members are entitled to and pray for the following relief:

a.  Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.  Certification of the Colorado Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the Members of the Colorado Class;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, and Colorado wage and hour laws;

d.  An injunction requiring Defendant to cease its unlawful practices under, and comply with, the Colorado wage and hour laws;

e.  An award of unpaid wages for all hours worked in excess of 40 in a workweek and/or 12 in a day at a rate of one and one-half times the regular rate of pay;

f.  An award of liquidated damages and/or statutory penalties as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek and/or 12 in day at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216 and the Colorado wage and hour laws;

g.  An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h.  An award for each record-keeping violation;

i.  An award of prejudgment and post-judgment interest;

j.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

k.  Such other and further relief as this Court deems just and proper.


Dated: May 1, 2020                          Respectfully submitted,

                                            *s/Brian D. Gonzales*
                                            _____

                                            **THE LAW OFFICES OF BRIAN D.
                                            GONZALES, PLLC**
                                            Brian D. Gonzales
                                            2580 East Harmony Road, Suite 201
                                            Fort Collins, CO 80528
                                            Tel: 970.214.0562

                                            **MIGLIACCIO & RATHOD, L.L.P.**
                                            Nicholas A. Migliaccio
                                            Jason S. Rathod
                                            412 H Street N.E., Suite 302
                                            Washington, DC 20002
                                            Tel: 202.470.3520

                                            **ROBERT PIERCE & ASSOCIATES, P.C.**
                                            D. Aaron Rihn
                                            2500 Gulf Tower
                                            707 Grant Street
                                            Pittsburgh, PA 15219
                                            Tel: 412.281.7229

## CONSENT TO JOIN COLLECTIVE ACTION
## UNDER SECTION 16(b) OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)

By my signature below, I consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act against Clean Chemistry, Inc. and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act for the claims set forth in the Complaint. I hereby appoint attorneys at the law firms of The Law Offices of Brian D. Gonzalez, PLLC, Migliaccio & Rathod LLP in Washington D.C., Robert Peirce & Associates, PC in Pittsburgh, PA and others that the above attorneys choose to associate with, to represent me in this case. I also consent to join any separate or subsequent action to assert the claims brought in this suit if the Court determines that my claims cannot be maintained on a collective basis in this action.

Franklin Benjamin perry Jr
Full Legal Name

04/24/2020
Date

Signature

# Signature Certificate



🔒 Document Reference:   DK8BGEJR8JR9XXEMKIRJM3



Franklin Perry
Party ID: 83B7P2JLP3FNGSAD6KNJYI
IP Address: 174.207.3.170




Multi-Factor
**Digital Fingerprint Checksum**   `deffcff9cd11fc2d9bac69554801b143ceb13b1d`

| Timestamp | Audit |
|---|---|
| 2020-04-24 14:58:49 -0700 | All parties have signed document. Signed copies sent to: Migliaccio Rathod LLP. |
| 2020-04-24 14:58:49 -0700 | Document signed by Franklin Perry (noemail@rightsignature.com) with drawn signature. - 174.207.3.170 |
| 2020-04-24 14:58:47 -0700 | Generated Document from Online Form Clean Chemistry Retainer (Clean-Chemistry-R-49818e). - 174.207.3.170 |
| 2020-04-24 14:57:00 -0700 | Online Form viewed by Franklin Perry (noemail@rightsignature.com). - 174.207.3.170 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**